## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | | |
|---|---|---|
| KEVIN E. HOLLIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No.  08-2082 |
| ROBERT B. KERANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

In April 2008, Plaintiff Kevin Hollis, acting *pro se*, filed a Complaint (#1) against Defendants Robert Kerans, Laurel Kerans, Lori Kerans, Macon County, and Decatur Police Department.

In May 2008, Defendants Robert Kerans, Laurel Kerans, and Lori Kerans (hereinafter "Defendants") filed a Rule 12b Motion To Strike for Lack of Subject Matter Jurisdiction and Failure To State a Claim [sic] Which Relief Can Be Granted (#11), which the Court will treat as a motion to dismiss.  In June 2008, Defendants filed a Motion for Dismissal (#14) on the grounds that Plaintiff had not responded to the motion to strike.  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Rule 12b Motion To Strike for Lack of Subject Matter Jurisdiction and Failure To State a Claim [sic] Which Relief Can Be Granted **(#11)** be **GRANTED** and further recommends that the Motion for Dismissal **(#14)** be denied as **MOOT**.

## I.  Background

Defendant Robert Kerans is Plaintiff's father-in-law.  Defendant Lori Kerans is Plaintiff's sister-in-law.  Defendant Laurel Kerans is Plaintiff's mother-in-law.  Plaintiff's complaint alleges a number of statements, which the Court quotes in full below:

1. Misconduct of police officer when writing a false bar.
2. Failure of a police officer to following through with report of abduction, not reporting it to the federal register and following with an investigation.
3. Discrimination on July 23, 2007 by police officer and being told I needed to see a psychiatrist rather than filing charges for abduction and assault.

    4.  Abduction by Laurel Kerans on May 14 and again on May 17 in conspiracy with Robert Kerans and Lori Kerans.

    5.  Defrauded of money in reference to $8000 taken in 2003 by Lori Kerans.

    6.  Robert Kerans assault on school grounds.

    7.  Robert Kerans is a prevalent threat in my home, through detainment and assault on May 14, 2007; he actually threatened to take the children from complainant and his wife and followed through on that day and again on May 17, 2007.

    8.  Removal of property from marital home as of August 7, 2007 and detaining complainant from access to personal property, as a letter stated sent to complainant's address through regular postal mail.

[sic] (#1, p. 1.)  Plaintiff's complaint also contains the following information:  Plaintiff's sister-in-law was supposed to cosign a mortgage with Plaintiff and his wife; instead she took $8000 from him that was supposed to be the down payment, and she put the mortgage in her name. Plaintiff's wife filed for an order of protection in May 2007 and for divorce in June 2007. During the course of the divorce proceedings, his wife's lawyer barred him from the courtroom in June 2007.  During the past four years, Plaintiff's wife's family has exploited Plaintiff and his wife.  Plaintiff's two children were abducted in May 2007.  Personal property has been removed from his home in Decatur.  Macon County police will not prosecute anyone for any of "the felonies involved with this case, including exploitation, abduction, unlawful restraint, and theft." (#1, p. 3.)  Robert Kerans assaulted Plaintiff on May 14, 2007, and detained Plaintiff and his wife in their basement.  Laurel Kerans took Plaintiff's wife and daughter, and Plaintiff has not seen his son since that date.  Robert Kerans also assaulted Plaintiff on school property on May 17, 2007.  The police "failed to follow through on an abduction report and instead filed a phony bar against me allowing the Kerans to literally kidnap my children and wife."  (#1, p. 3.) Plaintiff states that it is unconstitutional to force someone to divorce.  Plaintiff "feels it is against his constitutional right to religious liberty and the liberty to be married without arbitrary interruption of marriage by fraudulent acts and usurping of head of household authority and authority as a father and husband, by repeated attempts from Robert, Laurel and Lori Kerans." (#1, p. 3.)  Plaintiff asks that all of the parties mentioned be prosecuted and that "charges be filed according to due process of law as reported on the complaint cover sheet as statutes that have been violated."  (#1, p. 4.)

Defendants filed their motion to strike in May 2008.  In June 2008, Defendants filed a motion to dismiss the complaint on the grounds that Plaintiff had not responded to the motion to strike.  Because Plaintiff, who was acting *pro se*, had not received information from the Clerk of the Court regarding the motion to strike, the Court gave Plaintiff additional time to respond to the motions.  That time has now expired.  The Court notes that Plaintiff has filed a document titled Amendment and Petition for Sole Custody for a Minor (#26), however, it does not address the arguments in Defendants' motion.

## II.  Standard of Review

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'."  *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he

stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).  The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

### III.  Analysis

Defendants argue that the Court should dismiss the case because (1) Plaintiff has alleged no claims that establish a basis for federal subject matter jurisdiction; (2) the complaint fails to state a claim upon which relief can be granted; and (3) Plaintiff's claims are based on matters pending in Macon County Circuit Court.

Plaintiff's complaint appears to challenge state court rulings regarding marriage and child custody.  This Court cannot revisit state court rulings regarding those matters.  The Court can exercise jurisdiction over a plaintiff's claims only if they raise a federal question based on the Constitution or federal laws.  28 U.S.C. § 1331.  Here, Plaintiff's allegations related to his divorce and the custody of his children do not allege a federal question.  Similarly, claims related to fraud, assault and battery, and property issues may raise state law issues, but they do not allege federal questions.

Plaintiff has made some statements regarding his constitutional rights.  A plaintiff may assert a claim pursuant to 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *reh'g denied*, 510 U.S. 1215.  To state a claim for relief under Section 1983, a plaintiff

must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  In doing so, the plaintiff must adequately inform the Court and Defendants of the basis of the claim so that Defendants can respond to the allegations.

Here, Plaintiff made the following statements regarding his constitutional rights:  at pretrial hearings (in his divorce case), he was ordered to take "Transparenting class, which complainant feels is unconstitutional to force someone to divorce" (#1, p. 3); and "[c]omplainant feels it is against his constitutional right to religious liberty and the liberty to be married without arbitrary interruption of marriage by fraudulent acts and usurping of head of household authority and authority as a father and husband, by repeated attempts from Robert, Laurel and Lori Kerans" (#1, p. 3).  These statements do not allege constitutional violations.  Furthermore, Plaintiff has made no allegations from which the Court could infer that the Kerans acted under color of law.

Plaintiff has stated no federal claims against these Defendants and the Court declines to exercise supplemental jurisdiction over possible state claims.  Accordingly, the Court recommends granting Defendants' motion to dismiss.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Rule 12b Motion To Strike for Lack of Subject Matter Jurisdiction and Failure To State a Claim [sic] Which Relief Can Be Granted **(#11)** be **GRANTED** and the claims against Defendants Robert Kerans, Laurel Kerans, and Lori Kerans be dismissed without prejudice to Plaintiff filing his state claims in state court.  In addition, the Court further recommends that the Motion for Dismissal **(#14)** be denied as **MOOT**.

5

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of July, 2008.

_____ s/ DAVID G. BERNTHAL_____
U.S. MAGISTRATE JUDGE